# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES WILLIAMS,**
        **Plaintiff,**

    v.                                                                 Case No. 14-C-1095

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social Security Administration**
        **Defendant.**

## ORDER

Plaintiff James Williams filed this action for judicial review of the denial of his application for social security disability benefits. 42 U.S.C. § 405(g). Pursuant to the schedule set by the court, on December 19, 2014, plaintiff filed a supporting brief, in which he asked that I find him entitled to benefits; alternatively, he asked that I remand the matter for further proceedings.

On February 9, 2015, in lieu of a response brief, the Commissioner filed a motion to remand for further proceedings. The Commissioner indicated that she had attempted to negotiate a joint stipulation for remand but was unable to reach agreement with plaintiff. The motion did not specify the nature of the parties' disagreement, so I ordered plaintiff to respond.

In his February 17 response, plaintiff indicated that while he was amenable to remand, he wanted more definitive language in the remand order. He provided a proposed order which generally included the directives from the Commissioner's proposal regarding consideration of medical opinions, as well as additional directives regarding scheduling on remand, evaluation of his daily activities, and consideration of his receipt of unemployment benefits.

I directed the Commissioner to file any objections to plaintiff's proposed order on or

before March 3, 2015. None having been received, I signed the order on March 5, 2015. Later that day, the Commissioner filed an unopposed motion for leave to file a reply, which I granted. In the reply, the Commissioner argued that plaintiff's order included language that interfered with the agency's statutory authority to administer proceedings and make findings of fact. Specifically, she objected to the directives that the agency schedule the case for hearing on remand pursuant to HALLEX I-2-8-18,[1] and that the ALJ account for differences between the standards for obtaining social security disability benefits and unemployment compensation benefits in Wisconsin.[2]

In a response letter, plaintiff agreed that the HALLEX directive could be omitted, and that the order could be phrased as directing the Appeals Council to instruct the ALJ rather than addressing the ALJ directly. However, he disagreed with the Commissioner on the unemployment issue.

In an effort to conserve resources and provide for the remand both sides have requested, I will vacate the March 5, 2015, order and judgment and issue a modified order. See Fed. R. Civ. P. 59(e). I will omit the directive regarding scheduling under the HALLEX and attempt to harmonize the language of the two proposals. Regarding the unemployment issue, the Commissioner notes that federal courts in Wisconsin have permitted an ALJ to draw an

---

[1]The Hearings, Appeals and Litigation Law (HALLEX) manual communicates Office of Disability Adjudication and Review (ODAR) guiding principles and procedures to ODAR adjudicators, i.e., administrative law judges (ALJ), attorney advisors, administrative appeals judges (AAJ), and appeals officers (AO), and to their support staff. http://ssa.gov/OP_Home/hallex/I-01/I-1-0-3.html. Section I-2-8-18 states that hearing offices must give priority attention to court remand cases, with time-limited court remands receiving the highest priority. http://ssa.gov/OP_Home/hallex/I-02/I-2-8-18.htm.

[2]The Commissioner did not specifically take issue with the directive regarding consideration of daily activities. See, e.g., Roddy v. Astrue, 705 F.3d 631, 639 (7th Cir. 2013).

2

adverse inference from the claimant's receipt of such benefits. However, this inference cannot be automatic. As the Seventh Circuit recently stated:

> [T]he ALJ discounted Mr. Scrogham's credibility because he had applied for, and received, unemployment compensation during a portion of the period for which he now claims disability payments. The case law of this circuit clearly permits the ALJ to give some consideration to such activity on the part of the applicant when assessing his credibility. Schmidt v. Barnhart, 395 F. 3d 737, 746 (7th Cir. 2005). But attributing a lack of credibility to such action is a step that must be taken with significant care and circumspection. All of the surrounding facts must be carefully considered. In the case of a progressive disease, it is especially possible that an applicant might, at the early stages of the disease's manifestation, be unsure of the limits of his physical capabilities and only later determine that his inability to find work was due to the fact that the physical toll taken by the disease was greater than he had thought. The decision of the ALJ in this case does not contain any discussion of these considerations. On remand, this issue ought to be revisited and the reasons for Mr. Scrogham's action explored in more depth. We express no view on the outcome of such an analysis; that determination is for the ALJ.

Scrogham v. Colvin, 765 F.3d 685, 699 (7th Cir. 2014). The surrounding circumstances may also include differences in the standards utilized by the two programs, as the agency appears to have recognized. See Lopez v. Colvin, 959 F. Supp. 2d 1160, 1174 (N.D. Iowa 2013); see also SSR 00-01c.

**THEREFORE, IT IS ORDERED** that the March 5, 2015, order is **VACATED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings consistent with this order. On remand, the Appeals Council will instruct the ALJ to further develop the record by evaluating the medical opinions of record, particularly those in Exhibits 8F, 10F, and 18F of the administrative record. The Appeals Council will further instruct the ALJ to make a reasonable effort to identify the author of the opinion in Exhibit 10F and make reasonable attempts to obtain plaintiff's medical records from that author dating back to the year 2001. Finally, the

Appeals Council will instruct the ALJ to proceed through the sequential evaluation process as needed to reach a de novo decision, evaluating all of the medical opinions of record in accordance with the applicable regulations and rulings and Seventh Circuit precedent; evaluating plaintiff's symptoms under the applicable regulations and rulings and Seventh Circuit precedent, including the rulings and precedent regarding evaluation of the claimant's daily activities and the claimant's receipt of unemployment benefits; determining plaintiff's residual functional capacity, if necessary; and obtaining supplemental vocational expert testimony, if necessary.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of March, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge